IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADILENE GOMEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **I HEART BOBA TOWN EAST, LLC** | § | Civil Action No. 3:12-cv-1642-O |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## <u>ORDER</u>

Before the Court are Plaintiff Adilene Gomez's ("Gomez") Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b) (ECF No. 130), filed December 10, 2014; Defendants I Heart Boba, LLC and Pablo Ng's ("Defendants") Response (ECF No. 133), filed January 14, 2015; and Plaintiff's Reply (ECF No. 134), filed January 28, 2015. Having considered the motion, the briefing, and the applicable law, the Court finds that the motion should be and is hereby **GRANTED**.

## I.      BACKGROUND

This case arose out of an action for overtime wages under the Fair Labor Standards Act ("FLSA").  Following a trial, the jury entered a verdict for Plaintiff on her overtime claim and awarded $450.73 in damages for her overtime wages.  Jury Verdict, ECF No. 102.  Defendants subsequently moved for judgment as a matter of law, which this Court denied.  *See* Order, Nov. 5, 2014, ECF No. 125.  Plaintiff then moved for the imposition of liquidated damages and entry of

judgment. Pl.'s Mot. Liquidated Damages, ECF No. 109. The Court granted Plaintiff's motion and awarded Plaintiff $450.73 in liquidated damages in addition to her principal damages of $450.73. Order, Nov. 26, 2014, ECF No. 128. In addition, on November 26, 2014, the Court granted Plaintiff's motion for entry of default judgment against Defendant Hung Than Nguyen and awarded Plaintiff $13,201.00 in compensatory and liquidated damages against him. *See* Order, Nov. 26, 2014, ECF No. 129.

Plaintiff now seeks an award of attorney's fees and costs. Pl.'s Mot. Att'y Fees, ECF No. 134. The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 550 (2010). In FLSA cases, however, Section 216(b) states that district courts "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The Fifth Circuit employs a two-step process when determining an award of attorney's fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty.,Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the calculation of the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). In evaluating the reasonableness of the number of hours expended, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 932 (5th

2

Cir. 1990), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990)). Any duplicative, excessive, or inadequately documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80. Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The burden is on the applicant to establish the reasonableness of the award. *See Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 508 (N.D. Tex. 2001) (Lindsay, J.) (citing *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co.*, 50 F.3d at 324; *In re Smith*, 966 F.2d 973, 978 (5th Cir. 1992)).

After calculating the lodestar, the court may adjust the award based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Jimenez*, 621 F.3d at 380. To adjust the award, the district court must "articulate and clearly apply the *Johnson* criteria." *Dodge*, 174 F. Supp. 2d at 508; *see also Jimenez*, 621 F.3d at 380 (quoting *Perdue*, 559 U.S. at 558) (noting district courts must provide "a reasonably specific explanation for all aspects of a fee determination"). Applying these standards, the Court now considers Plaintiff's motion.

## III.    ANALYSIS

Plaintiff requests $96,369.75 in attorney's fees based on 373.75 hours of work divided among attorneys J.H. Zidell ("Zidell"), Robert Manteuffel ("Manteuffel"), Karl David Kelly ("Kelly"), Niki Zhou ("Zhou"), Joshua Petersen ("Petersen"), Steven Levesque ("Levesque"), and legal assistant Rosa Owens ("Owens").  Pl.'s Mot. Att'y Fees 2-3, ECF No. 130. Plaintiff also requests $7,249.95 in costs and expenses. *Id.*

### A.    Prevailing Party

Defendants contend that Plaintiff is not a prevailing party "in the practical sense," thus, she

3

is not entitled to the attorney's fees she requests.  Defs.' Resp. 2, ECF No. 133.  In support, Defendants maintain that Plaintiff originally sought $6,600.50 in damages and was only awarded $450.73.  *Id.* at 1.  As a result, "Plaintiff recovered only 6.8% of what she requested from the jury, said another way, Plaintiff lost 93.2% of her case.  Plaintiff now seeks an award of attorney's fees and costs, which is 238 times what she was awarded by the jury."  *Id.*  (emphasis removed).

In response, Plaintiff contends that "a prevailing Plaintiff is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  Pl.'s Reply 2, ECF No. 134 (internal quotation marks omitted).  The Court agrees. Plaintiff prevailed on a significant issue in her case.  *See Lucio-Cantu v. Vela*, 239 F. App'x 866, 868 (5th Cir. 2007) (holding that plaintiffs, who were awarded $52.50 on overtime wages claim, were prevailing parties because they "prevailed on their most significant issue in the case").  Here, the jury determined that Defendants failed to pay Plaintiff's wages in violation of the applicable law and awarded her $450.73 in damages as her overtime wages.  Jury Verdict, ECF No. 102.  Accordingly, the Court finds that Plaintiff is the prevailing party and, as a result, is entitled to attorney's fees.  The Court now turns to the issue of the appropriate amount of attorney's fees and costs.

### B.    Lodestar Calculator

To calculate the lodestar, the Court multiplies the reasonable number of hours expended and the reasonable hourly rate. *See Jimenez*, 621 F.3d at 379-80; *Dodge*, F. Supp. 2d at 508. The Court begins its analysis by addressing the reasonable number of hours expended.

### 1.    Reasonable Number of Hours Expended

To calculate the reasonable number of hours expended, the Court must determine whether the total hours claimed are reasonable and whether the particular hours claimed were reasonably

expended. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (citing *La. Power & Light Co.*, 50 F.3d at 324; *Alberti*, 896 F.2d at 933-34). The applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

Plaintiff contends that her legal team reasonably expended 373.75 hours. *See* Pl.'s Mot. Att'y Fees 2, ECF No. 130.  In response, Defendants contend that Plaintiff's requested amount of fees is unreasonable.  In support, Defendants argue that Plaintiff has failed to apportion her attorney's fees amongst the other defendants and theories of recovery.  Defs.' Resp. 2, ECF No. 133.  Defendants maintain that Plaintiff's failure "makes this issue entirely guesswork as to which time entry applies to which of the six defendants" and "which time records apply to Plaintiff's overtime claim as opposed to her minimum wage claim."  *Id*.  Further, Defendants maintain that they "had no idea that attorney's fees would be submitted in excess of $100,000" and "Plaintiff, knowing she had a $6,600.50 claim, should have (and could have) litigated this matter effectively for under $10,000–this was a one-day trial with one witness."  *Id*. at 3.

In turn, Plaintiff maintains that "Defendants contested every essential part of this case from its inception, including bringing a motion for Rule 11 sanctions against Plaintiff's counsel early in the litigation and filing a renewed motion for judgment as a matter of law post-trial, even to the extent that Plaintiff was required to introduce testimony at trial to establish where the products used in Defendants' business came from."  Pl.'s Mot. Att'y Fees 5 n. 9, ECF No. 130.  As a result of Defendants' "tenacious" litigation and failure to seriously engage in settlement negotiations, Plaintiff contends the number of billed hours was increased.  *Id*.  Plaintiff further maintains that the number

5

of hours was greater due to the language barrier between the attorneys and Plaintiff. *Id.* at 5.

### a.    Billing Judgment

To establish that billing judgment was exercised, Plaintiff must provide documentation of the hours charged and hours written off as "unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799; *see also League of United Latin Am. Citizens*, 119 F.3d at 1232 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)); *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (noting burden is on plaintiff to show he exercised billing judgment). Plaintiff's billing records show that her legal team expended 373.75 hours of billable work, and Plaintiff has identified a 10% reduction for non-billable hours or hours written off during the litigation. *See* Pl.'s Mot. Att'y Fees 7, ECF No. 130. Accordingly, the Court finds that Plaintiff has appropriately exercised billing judgment. *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 865 (S.D. Tex. 2011) (finding plaintiff exercised billing judgment because record showed that attorneys wrote off entries that were redundant).

### b.    Block Billing

Block billing is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Humphrey*, 802 F. Supp. 2d at 864 n.23 (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1534 n.15 (10th Cir. 1996); *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.); *Glass*, 335 F. Supp. 2d at 739). Block billing prevents courts from accurately determining the numbers of hours spent on a particular task, thus "impair[ing] the required reasonableness evaluation." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 3:09-cv-1596-D, 2010 WL 3294248, at *3 (N.D. Tex.

6

Aug. 20, 2010) (Fitzwater, C.J.) (quoting *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005) (Fitzwater, C.J.), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007)) (internal quotation marks omitted); *see also La. Power & Light Co.*, 50 F.3d at 324 ("[D]ocumentation must be sufficient for the court to verify that the applicant has met its burden."). However, "[a] reduction for block billing is not automatic." *Humphrey*, 802 F. Supp. 2d at 865 (internal quotation marks omitted).

Here, the Court finds that a large number of billing entries made by Zidell and Manteuffel include multiple tasks listed within the same entry, instead of itemized entries explaining the amount of time spent on each task.[1] Accordingly, the Court finds it appropriate to reduce Zidell and Manteuffel's number of billed hours by 5% for block billing. The Court will next analyze the reasonableness of the hourly rates claimed by Plaintiff.

### 2.   Reasonable Hourly Rate

The reasonable hourly rate is determined by the prevailing community standards for attorneys of similar experience in similar cases. *See McClain*, 649 F.3d at 381; *Watkins*, 7 F.3d at 459. The relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). In this case, the district court sits in Dallas; therefore, the Court considers Dallas as the relevant legal community. The Plaintiff requested $350.00 per hour for Zidell, $350.00 per hour for Manteuffel, $300.00 per hour for Kelly, $200.00 per hour for Zhou,

---

[1] *See, e.g.*, Pl.'s App. Supp. Mot. Att'y Fees Ex. A (Billing Summary) 12, ECF No. 130-1 (billing 2.50 hours for: "review motion to dismiss the amended complaint and compare to prior motion to dismiss the original complaint and inter-office conf in re; with associate as to how to respond and review reply to sanction s [sic] motions; file review"); *id*. at 25 (billing 7.50 hours for: "Prepare for and attend depositions of defendants"); *id.* at 46 (billing 3.50 hours for: "discussion with associate after ptc and need to insert complete individual coverage instruction and pull prior case law on individual coverage and plan trial preparation of with pltf"); *id*. at 47 (billing 7.00 hours for: "prepare for trial review and prepare files for trial; continued preparation of opening statement and questions for trial; prepare client to testify").

$200.00 per hour for Petersen, $200.00 per hour for Levesque, and $90.00 per hour for Owens. *See* Pl.'s Mot. Att'y Fees 3, ECF No. 130.

The burden is on Plaintiff to produce sufficient evidence that the requested rates are in line with the prevailing rates in Dallas for similar services by attorneys of "reasonably comparable skill, experience and reputation." *See McClain*, 649 F.3d at 381 (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Generally, the reasonable hourly rate is established through affidavits submitted by other attorneys practicing in the community. *Tollett*, 285 F.3d at 368 (citing *Watkins*, 7 F.3d at 458); *see also Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (noting requested rates were supported by affidavits from attorneys from attorneys' firm and outside attorney). An applicant may also establish reasonableness by directing the district court to fee awards in the same district. *See Inclusive Cmtys. Project, Inc. v. Tex. Dept' of Housing & Cmty. Affairs*, No 3:08-cv-0546-D, 2013 WL 598390, at *6 (N.D. Tex. Feb. 15, 2013) (Fitzwater, C.J.) (citing *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty.*, 752 F.2d 1063, 1073 (5th Cir. 1985)); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012). Plaintiff did not provide an affidavit from either her own attorneys or outside attorneys to support her request, but did direct the Court to fee awards in the Northern District of Texas to support her claim that the requested rates are reasonable.[2] *See* Pl.'s Mot. Att'y Fees 6-7, ECF No. 130 (citing cases finding similar hourly rates to the rate requested); *see also id.* Exs. D-J (Supporting Cases), ECF Nos. 130-9-130-15.

The requested rates must be in line with fees charged in the community for similar services

---

[2] Plaintiff also provided cases from the Southern District of Florida as support for her award request. *See* Pl.'s App. Supp. Mot. Att'y Fees Exs. K-N (Supporting Cases), ECF Nos. 130-16-130-19. Although Plaintiff cited FLSA cases, "the relevant legal community is the one in which the district court sits." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 586 F. Supp. 2d 732, 754 (S.D. Tex. 2008). The Court therefore only looks to cases that awarded similar hourly rates in the community–in this case, the Dallas community.

by attorneys with "reasonably comparable skill, experience, and reputation." *See Hilton v. Executive Self Storage Assocs., Inc.*, No. H-06-2744, 2009 WL 1750121, at *9 (S.D. Tex. June 18, 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)) (noting rates were reasonable because attorneys primarily practiced in labor and employment law at rates consistent with other local labor and employment attorneys with a similar level of experience); *see also Arriaga v. Califco, LLC*, No. 3:12-cv-94-D, 2013 WL 5928852, at *1 (N.D. Tex. Nov. 5, 2013) (Fitzwater, C.J.) (finding in an FLSA case that $350 per hour is a reasonable rate in line with those "customarily charged in this locality for similar legal services"); *Hernandez v. Aleman Const., Inc.*, No. 3:10-cv-2229-BN, 2013 WL 5873289, at *5 (N.D. Tex. Nov. 1, 2013) (Horan, Mag. J.) (finding the requested rate reasonable because attorneys were experienced and specialized in FLSA litigation). Plaintiff asserts that Zidell has been licensed since 1994, Manteuffel has been licensed since 1991, Kelly has been licensed since 1997, Petersen has been licensed since 2013, Zhou has been licensed since 2013, and Levesque has been licensed since 2013. *See* Pl.'s Mot. Att'y Fees 9, ECF No. 130. Further, Zidell and Kelly have experience in FLSA litigation. *Id.* Owens has worked as a legal assistant on FLSA matters since 2010. *Id.* Plaintiff asserts that "the rates charged by these professionals are fair and reasonable." *Id.* In response, Defendants maintain that according to the State Bar's fact sheet released in 2013, the median hourly rate for employment attorneys is $256. Defs.' Resp. 7, ECF No. 133. Further, the rate for attorneys with over 25 years experience is $281; with 16-20 years experience is $261; and with 2 or less years experience is $185. *Id.* This Court has previously determined that the requested rates for Zidell, Manteuffel, and Kelly are reasonable. *See Alonso v. Tepa Mar Y Tierra, Inc. et al*, No. 3:11-cv-1783-O (N.D. Tex. 2014) (O'Connor, J.). Based on its own investigation, the Court further determines that the requested rates for the remainder of Plaintiff's legal team are similarly

reasonable.

      3.     *Johnson* Factors

A court may also adjust an award based on the *Johnson* factors.[3] *See Jimenez*, 621 F.3d at 380. The Court gives special consideration to the time and labor involved, the customary fee, the amount involved and the result obtained, and the skill, experience, and reputation of the attorneys. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). The Supreme Court and the Fifth Circuit have made it clear that "the most critical factor" in this determination is the "degree of success obtained." *Migis*, 135 F.3d at 1047 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted); *Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 508-09 (N.D. Tex. 2001); *see also Jason D.W. by Douglas W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (noting that this factor is "particularly crucial" when a plaintiff is deemed prevailing even though he only succeeded on some of his claims). Any adjustment to the lodestar figure must be accompanied by a concise explanation of the reasons for the adjustment. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Furthermore, an adjustment to the lodestar figure may not be awarded based on a factor that was considered in the initial lodestar calculation. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Here, Plaintiff does not seek an adjustment to the attorney's fees award based on the *Johnson*

---

[3] The twelve factors are: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co.*, 50 F.3d at 329; *Johnson*, 488 F.2d at 717-19).

factors. *See generally* Pl.'s Mot. Att'y Fees, ECF No. 130.  However, Defendants seek a downward

adjustment in the award based on the factors. Defs.' Br. 6-9, ECF No. 133.  Defendants first contend

that the time and labor required was not beyond that ordinarily required for a similar case because

the trial lasted only one day and involved one plaintiff that acted as her own witness.  *Id*. at 6.

Defendants additionally maintain that the issues and questions in the case were not novel or difficult

and "no skill beyond what is ordinarily necessary was required." *Id*. at 7.  With regard to the sixth

factor, Defendants maintain that "Plaintiff's counsel appears to use the contingent fee agreement as

a weapon to run up [fees], despite the minimal jury award." *Id*. at 8.  Further, although Plaintiff

sought damages in the amount of $6,600.50, she was only awarded $450.73, which constituted 6.8%

of the amount she sought.  *Id*.  Responding to Plaintiff's contention that Defendants' tenacious

litigation caused the high amount of fees, Defendants state that a review of Plaintiff's exhibits

"demonstrate[s] a continuous pattern of seeking large amounts of attorney's fees irrespective of any

activity of opposing counsel." *Id*.  Additionally, although "Plaintiff's attorneys have received large

sums of attorney's fees in other cases," this case is different because it "is by far the lowest amount

of damages that a plaintiff has recovered relative to those prior cases." *Id*. at 9.

　　　　In her reply, Plaintiff's counsel maintain they did not intentionally drive up fees in this case.

Pl.'s Reply 4, ECF No. 134.  More specifically, they maintain that "while the trial was relatively

short, Defendants filed multiple motions to dismiss, a motion for sanctions, and a renewed motion

for judgment as a matter of law after the jury found in Plaintiff's favor.  Defendants also opposed

many of the motions filed by Plaintiff prior to trial, despite Plaintiff's willingness to allow

Defendants to file unopposed motions on multiple occasions." *Id*. at 5.

　　　　The Court finds that although Plaintiff prevailed on part of her claims at trial, she did not

obtain a degree of success warranting an attorney's fees award nearly 214 times larger than the amount of damages she was awarded. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 801 (5th Cir. 2006) ("Where a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.") (internal citation omitted); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (reversing and remanding an award of attorney's fees that was over six and one-half times the amount of damages awarded).   Plaintiff was successful on one of her two claims against two of three defendants at trial. *See* Jury Verdict, ECF No. 102.   Plaintiff sought coverage under two theories of liability, one of which was denied as a matter of law by this Court. Trial Tr. at 194, ECF No. 112. Accordingly, the Court finds that a 55% reduction of fees is appropriate and adjusts the lodestar figure based on the *Johnson* factors discussed. *See Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 510-11 (N.D. Tex. 2001) (Lindsay, J.) (finding a 75% reduction of fees appropriate where plaintiff obtained "limited or marginal success").[4]

## B.     Costs

In FLSA cases, Section 216(b) directs district courts to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff provided documentation to show that the costs expended in this case totaled $7,249.95. *See* Pl.'s Mot. Att'y Fees 10-13, ECF No. 130. In response, Defendants maintain that Plaintiff should not recover for fees

---

[4] Defendants also argue that a reduction is appropriate because the case did not require time and labor beyond that ordinarily required for a similar cases and because of Plaintiff's legal teams' skill, experience, and reputation. Defs.' Resp. 6-8, ECF No. 133.   The Court does not find that these factors warrant a reduction, and notes that these factors were considered in calculating the lodestar figure. *See Black*, 732 F.3d at 502 (citing *Saizan*, 448 F.3d at 800) ("The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar.").

"such as private process servers, mediation fees, mileage and parking costs, FedEx fees, and other out-of-pocket costs (such as office supplies)."  Defs.' Resp. 12, ECF No. 133.

Under 28 U.S.C. § 1920, a court may tax the following fees: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; docket fees; and compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.  The Court finds that Plaintiffs request for reimbursement for mediation fees, private process servers, mileage, parking, and FedEx costs are not recoverable. *See Mota v. The Univ. of Tex. Hous. Health Sci. Ctr*., 261 F.3d 512, 529 (5th Cir. 2001) (determining costs for mediation were not taxable); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F*., 118 F.3d 245, 257 (5th Cir. 1997) (determining costs for private process server were not taxable); *Hernandez v. Aleman Const., Inc*., No. 3:10-cv-2229-BN, slip op. at *7 (N.D. Tex. Nov. 1, 2013) (denying plaintiff's requested costs "for process serving, mediation services, mileage, parking, office supplies, teleconferencing, and FedEx costs"); *Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 557 (5th Cir. 1987) (noting Section 1920 "does not regulate out-of-pocket attorney costs").  Additionally, Plaintiff's requested witness fees for witnesses Azucena Alvarez, Andy Nguyen, and Thinh Nguyen are not recoverable as those witnesses did not testify at trial.  *See* 28 U.S.C. § 1821 ("[A] witness *in attendance* at any court of the United States, . . . or before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section.") (emphasis added).  Trial Tr., ECF No. 112. Accordingly, the Court finds that costs in this case must be reduced by $2,138.20 and therefore total $5,111.75.

C.      **Calculation**

13

Based on the analysis provided above, Plaintiff's legal team is entitled to:

| Attorney or Legal Assistant | Adjusted Hours (Reduction %) | Hourly Rate | Adjusted Fee Total |
|---|---|---|---|
| Zidell | 52.725 (5%) | $350.00 | $18,453.75 |
| Manteuffel | 186.39 (5%) | $350.00 | $65,236.50 |
| Kelly | 2.1 (0%) | $300.00 | $630.00 |
| Zhou | 4.2 (0%) | $200.00 | $840.00 |
| Petersen | 58.8 (0%) | $200.00 | $11,760.00 |
| Levesque | 5.7 (0%) | $200.00 | $1,140.00 |
| Owens | 51.25 (0%) | $90.00 | $4,612.50 |

Therefore, the total amount of fees before the billing judgment and *Johnson* factor reduction is $102,672.75. After the 10% reduction for billing judgment and 55% reduction for the *Johnson* factors, Plaintiff is entitled to $41,582.46 in attorney's fees and $5,111.75 in costs and expenses.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Verified Motion for Attorney's Fees and Costs (ECF No. 130) should be and is hereby **GRANTED**. It is therefore **ORDERED** that Plaintiff be awarded **$41,582.46** in attorney's fees and **$5,111.75** in costs, for a total award of **$46,694.21**.

**SO ORDERED** on this **12th day** of **February, 2015**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**